UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PHILIP IRA SCHEFFLIN,<br><br>                Petitioner,<br>      v.<br><br>JOSEPH JAMES ANTHONY JACKSON,<br><br>                Respondent. | Case No. 3:22-cv-05364-BJR-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for: August 26, 2022 |

This matter is before the Court on petitioner's filing of a petition for writ of *habeas corpus* under 28 U.S.C. §2254. Dkt. 1. The Court granted petitioner's application to proceed *in forma pauperis*. Dkt. 3. Having reviewed and screened Plaintiff's petition, the undersigned recommends that the petition be dismissed with prejudice prior to service because the Court lacks subject matter jurisdiction. Further, Plaintiff's motion for summary judgment (Dkt. 5) and Plaintiff's motion for evidentiary hearing (Dkt. 6) should also be denied as moot.

## BACKGROUND

Petitioner is currently incarcerated at Coyote Ridge Corrections Center. Dkt. 1, at 2. He filed this petition as a "complaint for declaratory relief" against Joseph Jackson, a prosecutor *Id.* at 4. In 2019, Mr. Schefflin filed a petition for a writ of habeas corpus in the Washington Supreme Court, which the court transferred to Division Two of the

REPORT AND RECOMMENDATION - 1

Washington State Court of Appeals for treatment as a personal restraint petition. *Id.* at 19. The petition was dismissed as untimely. *Id.*

Consequently, Mr. Schefflin sought discretionary review in the Supreme Court. He argued that his due process rights were violated in the Court of Appeals because the State never served him with its answer to his petition. *Id.* The Court of Appeals commissioner gave Mr. Schefflin a copy of the State's answer and extended the time Mr. Schefflin's reply. The Supreme Court denied his motion for discretionary review on the grounds that Mr. Schefflin was ultimately unable to show he was deprived of due process. *Id.* at 20.

Mr. Schefflin now appears to be bringing a motion for declaratory relief in federal court on the same grounds  - that his due process rights were violated because the State did not serve him with the answer to his petition. *Id.* at 4.

## DISCUSSION

A prisoner may only use habeas corpus "when they seek to invalidate the duration of their confinement – either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) (emphasis in original). Additionally, when a prisoner seeks to challenge the fact or duration of their physical imprisonment, and seeks immediate or speedier release, their sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Subject matter jurisdiction for a habeas petition is limited to prisoners in custody challenging their custody or judgment and sentence. *Brock v. Weston*, 31 F.3d 887, 889 (9th Cir. 1994); 28 U.S.C. § 2254(a).

Here, even though Mr. Jackson is identified as the sole defendant, the content of the petition shows petitioner is alleging the Washington Court of Appeals violated his due process rights in the way it handled his personal restraint petition. This is not a challenge to the fact or duration of his confinement. Because habeas corpus relief cannot be granted, the Court is without subject matter jurisdiction to consider the petition and it should be dismissed with prejudice.

## CERTIFICATE OF APPEALABILITY

If the district court adopts the Report and Recommendation, it must determine whether a certificate of appealability ("COA") should issue. Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

The Court recommends that Mr. Schefflin not be issued a COA. No jurist of reason could disagree that this Court lacks jurisdiction of a habeas petition where the petitioner is seeking the district court to enter an order declaring that either a state

official or the Washington Court of Appeals violated his due process rights by failing to serve the answer to his state habeas petition. Mr. Schefflin should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

## CONCLUSION

Based on the foregoing, the Court should dismiss petitioner's habeas petition with prejudice for lack of subject matter jurisdiction. Plaintiff's motion for summary judgment (Dkt. 5) and Plaintiff's motion for evidentiary hearing (Dkt. 6) should also be denied as moot.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the above time limit, the Clerk shall set this matter for consideration August 26, 2022, as noted in the caption.

Dated this 9th day of August, 2022.

Theresa L. Fricke
United States Magistrate Judge