The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PHILIP IRA SCHEFFLIN,<br>Plaintiff,<br><br>v.<br><br>JOSEPH JAMES ANTHONY JACKSON,<br>Defendant. | NO. 3:22-cv-5364 BJR-TLF<br><br>**ORDER ADOPTING IN PART THE R&R; AND DISMISSING COMPLAINT** |

This matter comes before the Court on the Report and Recommendation ("R&R") of U.S. Magistrate Judge Teresa L. Fricke, to whom this matter has been assigned. Dkt. No. 8. As outlined in the R&R, Plaintiff Philip Ira Schefflin is currently incarcerated at the Coyote Ridge Corrections Center. R&R at 1. Schefflin attempts to state due process and other claims against Joseph Jackson, Deputy Prosecuting Attorney for Thurston County, Washington. *See* Compl., Dkt. No. 4. Schefflin alleges that Jackson failed to serve on him a copy of the State's response to what was being construed as Schefflin's Personal Restraint Petition ("PRP"), then proceeding in the Washington Court of Appeals. *Id*. That response was apparently due on August 9, 2019, and was filed with the Court of Appeals on August 7, 2019. Compl., Ex. C.

Schefflin filed in the Court of Appeals a "Motion for Non-Response and Non-Service," claiming no answer had been filed and seeking a ruling on the PRP in his favor. On September 20, 2019, in response to that motion, the Court of Appeals advised Schefflin that the response had

ORDER

- 1

indeed been filed; sent Schefflin a copy of that response; and extended the deadline for Schefflin to reply, to October 25, 2019. *Id*. The Court of Appeals later extended the deadline to file a reply again, to December 20, 2019. Compl., Ex. F.

Although details are missing from the record before this Court, it is apparent that ultimately the Court of Appeals determined that Schefflin's PRP was untimely. The Washington Supreme Court rejected Schefflin's subsequent motion for discretionary review. Compl., Ex. K. In a written ruling, the deputy commissioner noted that Schefflin had not challenged the substance of the Court of Appeals' ruling, but only the purported failure of Deputy Prosecutor Jackson to serve Schefflin with the State's response to his PRP. *Id*. As the deputy commissioner observed, however, the Court of Appeals had afforded Schefflin time to reply to the State's response, by both serving Schefflin a copy of that response, and extending the deadline for him to reply, as recounted above. The deputy commissioner concluded that Schefflin therefore "does not show he was deprived of due process. Nor does he show in any event that having a copy of the State's answer could have altered the ultimate determination that his petition was untimely." *Id*., at 2.

The R&R recommends dismissal with prejudice of what the R&R construes as a petition for habeas corpus, brought under 28 U.S.C. § 2254. The R&R observes that Schefflin's claims are for civil rights violations based on Defendant's purported failure to serve on him the State's response to his PRP, not a challenge to the fact or conditions of his confinement. The R&R concludes that "[b]ecause habeas corpus relief cannot be granted, the Court is without subject matter jurisdiction to consider the petition and it should be dismissed with prejudice." R&R at 8.

The Complaint does not reference § 2254, and the Court does not believe that Schefflin

ORDER

- 2

intended to bring his claims as a habeas petition.[1] The Court nevertheless concludes that the R&R's recommendation of dismissal should be adopted. The claims currently before the Court have already been adjudicated, and are barred by the principles of *res judicata* and issue preclusion. *See Robi v. Five Platters, Inc.,* 838 F.2d 318, 322 (9th Cir. 1988) ("The doctrine of issue preclusion prevents relitigation of all issues of fact or law that were actually litigated and necessarily decided in a prior proceeding.") (citation omitted).

Furthermore, as the Washington Supreme Court has already concluded on the same set of facts, even if all allegations in the complaint were true, Schefflin has failed to show that he has been deprived of due process.[2] Compl., Ex. K. The Court therefore dismisses with prejudice Schefflin's complaint for failure to state a claim on which relief can be granted.

DATED this 7th day of March, 2023.

Barbara Jacobs Rothstein
U.S. District Court Judge

---

[1] The magistrate judge understandably—but, the Court concludes, erroneously—construed Schefflin's claims as a habeas petition, based upon Schefflin's use of a form captioned "Declaration and Application to Proceed in Forma Pauperis in a Federal Habeas Action." Dkt. No. 1. That form explicitly states "DO NOT use this form if you are bringing a civil action." Adjacent to that admonishment, however, is a note, handwritten presumably by Schefflin, that states "Only form available in Law Library." *Id*. On the form, where the applicant is asked to choose the habeas statute under which he is bringing his claims, Schefflin appears to have selected, and then crossed out, "§ 2254." That Schefflin did not intend to bring a habeas claim is further supported by a later statement, in a Motion for Evidentiary Hearing, in which Scheffling stated "[t]his request is being presented to this Court due to the Court's changing the Proposed Complaint for Declaratory Relief to a Habeas Corpus." Dkt. No. 6, at 1. Accordingly, this Court concludes that dismissing Schefflin's claims for lack of subject matter jurisdiction under 28 U.S.C. § 2254, as the R&R recommends, is not appropriate, as Schefflin did not actually bring his claims under that statute.

[2] On March 6, 2023, the Court received Schefflin's "Response to this Court's Motion/Order to Dismiss," construed as objections to the R&R. Dkt. No. 18. The filing is untimely, despite multiple warnings from the Court that "No further extensions will be granted." Schefflin has had nearly seven months to respond to the R&R. This late filing will therefore not be considered; however, the Court notes that nothing in Schefflin's Response calls into question any of the Court's findings and conclusions herein.

ORDER

- 3